UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THE PRUDENTIAL INSURANCE COMPANY                    **DECISION**
OF AMERICA,                                                                    **and**
                        Plaintiff,                    **ORDER**

     v.                                                                       **20-CV-61Si(F)**

NICOLE DUKARM,
A.C.P., a minor,

                        Defendants.
_____

APPEARANCES:           D'ARCAMBAL OUSLEY & CUYLER BURK LLP
                        Attorneys for Plaintiff
                        AIMEE L. CREED**,** of Counsel
                        40 Fulton Street, Suite 1005
                        New York, New York 10038

                        INTERPLEADER LAW, LLC
                        Attorneys for Defendant Dukarm
                        MICHAEL J. HOOVER, of Counsel
                        9015 Bluebonnet Blvd
                        Baton Rouge, Louisiana  70810


       In this interpleader action, Plaintiff and Defendants jointly move, by papers filed

May 20, 2020, (Dkt. 9), pursuant to Fed.R.Civ.P. 22 for relief including appointment of

Casandra Price ("Price"), Defendant A.C.P.'s mother, as guardian *ad litem* of A.C.P., a

minor ("the Joint Motion").  The Joint Motion requests Plaintiff's payment of an

insurance policy, issued on the life of Alex Przybyl ("Przybyl"), a service member,

pursuant to the Servicemembers Group Life Insurance program established under 38

U.S.C. § 1965, *et seq.* ("the policy"), in the amount of $400,000, less an award for

Plaintiff's expenses, into the court, discharging Plaintiff from liability for Defendants'

claims for payment of the policy's proceeds, enjoining Defendants from pursuing actions

against Plaintiff in connection with the proceeds, and dismissing Plaintiff from this action with prejudice.  The Joint Motion was filed by counsel for Plaintiff and Defendant Dukarm ("Dukarm") and Casandra Price, in a *pro se* capacity, as A.C.P.'s guardian, who is presently without counsel.  A conference with the court pursuant to Fed.R.Civ.P. 16(b) is calendared for July 28, 2020.  Plaintiff's and Dukarm's counsel were given notice of the conference but in the absence of an appearance by Price, *pro se* or by an attorney, Price has not received notice of the conference.  The court finds the Joint Motion is defective, requiring dismissal, for two reasons.

First, as required by Fed.R.Civ.P. 4(d)(1) service upon a minor must be in accordance with state law.  Pursuant to N.Y.C.P.L.R 309(a) such service must be upon a parent or guardian and a waiver of service upon a minor is ineffective service.  *See* Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK (2019 Thompson-Reuters) at 231 & n. 83 (waiver of service of process by its terms, it not available as to, *inter alia*, minors (citing Fed.R.Civ.P. 4(d)(1)).  According to the docket, Dkt. 5, Price waived service of the Complaint upon A.C.P. on January 27, 2020 thereby, if the waiver of service was valid, requiring A.C.P.'s answer to be filed March 17, 2020.  Dukarm's Answer was filed May 17, 2020 (Dkt. 7); to date A.C.P. has not answered.[1] Accordingly, the court finds it lacks personal jurisdiction over A.C.P. because the putative answer was not timely filed.  Second, it is well-established that where a guardian of a minor is not an attorney, such guardian may proceed with litigation on behalf of the minor in federal court only by counsel.  *See Berrios v. New York City Housing Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("If the representation of the minor or

---

[1]  Price sent a handwritten letter, postmarked June 12, 2020 and received by the court June 15, 2020, to the court urging it to award the policy's proceeds to A.C.P. (Dkt. 14).

incompetent is not [her]self an attorney [s]he must be represented by an attorney in order to conduct the litigation."). As the Second Circuit stated "'without . . . counsel, the case will not go forward at all.'" *Id.* (quoting *Wenger v. Canastota Central School Dist.*, 146 F.3d 123, 125 (2d Cir. 1998) (where no party raised the issue of a child's representation by a non-attorney, the district court was required to raise the issue *sua sponte), overruled on other grds. by Winkleman v. Parma City School Dist.*, 550 U.S. 516 (2007). This requirement applies equally as to ACP's putative crossclaim against Dukarm for the proceeds. *See also* Fed.R.Civ.P. 17(c)(2) ("The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action."); *White v. Miller*, 158 U.S. 128, 148-50 (1895) (reversing and remanding lower court's dismissal of bill of review with regard to minor defendants who were not represented by counsel such that the answer submitted by guardian ad litem on behalf of minor defendants was a nullity); *United States v. E.I. du Pont de Nemours & Co.*, 13 F.R.D. 98, 104-05 (N.D.Ill. 1952) (appointing attorneys as guardians ad litem for each minor defendant in suit for conspiracy for restraint of trade against minors and adults joined as defendants because "[a]n infant party to an action is the ward of the court and it is the court's duty to see that the infant's rights are protected. This is particularly true whenever the property rights of an infant are involved in litigation. It is the special duty of the guardian ad litem to examine into the case, to determine what the rights of his ward are and what defense his interests demand, and vigorously to present that defense."). Price's signature agreeing to the Joint Motion on behalf of A.C.P., without representation by an attorney, was therefore a legal nullity.

**CONCLUSION**

Based on the foregoing, the Joint Motion is DISMISSED without prejudice; the pretrial conference scheduled for July 28, 2020 is CANCELLED and will be rescheduled upon the appearance of an attorney on behalf of Price as A.C.P.'s guardian.  The Clerk of Court shall serve Price with a copy of this Decision and Order by U.S. Postal Service mail.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  July 16, 2020
           Buffalo, New York

Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court **not later than 14 days** after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).